Dear Honorable Williamson,
The Attorney General has received your request for an official opinion asking, in effect:
 Is the Oklahoma Tax Commission authorized to exchange, with municipalities, information needed by the municipalities to further the collection or enforcement of state and local taxes?
Your question seeks to determine the extent of any exceptions to the statutory requirement that the records and files of the Oklahoma Tax Commission (OTC) pertaining to any state tax law are confidential and privileged. Title 68 O.S. 205(a) (1985) provides:
 "The records and files of the Tax Commission concerning the administration of this article or of any state tax law shall be considered confidential and privileged except as otherwise provided for by law, and neither the Tax Commission nor any employee engaged in the administration of the Tax Commission or charged with the custody of any such records or files nor any person who may have secured information from the Tax Commission shall disclose any information obtained from said records or files or from any examination or inspection of the premises or property of any person." (Emphasis supplied).
Although subsection (b), the following subsection, carves out eleven separately stated exceptions to this confidentiality requirement, none of the eleven clearly encompasses the question you pose.
The Legislature has provided a separate group of exceptions to its non-disclosure mandate, for the apparent purpose of assisting municipalities in the collection of certain municipal taxes. The first of these, 11 O.S. 22-107 (1985), provides, in pertinent part:
 "Municipal licenses and license fees shall be regulated by ordinance. A municipality may establish such license requirements as it deems appropriate in the exercise of its police power and may provide that each applicant supply his state sales tax identification number or proof of exemption pursuant to provisions of Title 68 of the Oklahoma Statutes. . . . A municipality and the Oklahoma Tax Commission may exchange information to further the collection or enforcement of state and local taxes." (Emphasis supplied).
The emphasized language in 11 O.S. 22-107 clearly authorizes an interchange of information between the OTC and cities to further the collection or enforcement of state or local taxes. Although this statute makes specific references to the non-disclosure requirements of 68 O.S.205(a) (1985), it contains a proviso permitting the transmission of this otherwise confidential information to the municipal prosecutor and other municipal enforcement personnel.
At the same time the Legislature amended the statutes noted above, it provided another exception to the confidentiality requirement of 68 O.S.205 (1985). This statute, codified at 68 O.S. 205.1 of title 68, also permits the OTC to provide cities the information necessary to further the collection of state and local taxes. Subsection A(2) of 68 O.S. 205.1
provides, inter alia:
 "[A] city or town and the Oklahoma Tax Commission may exchange information to further the collection or enforcement of state and local taxes." (Emphasis supplied).
The phrase "may exchange" authorizes both the OTC and municipalities to exchange that information which furthers the stated Legislative purpose, i.e., the collection or enforcement of state and local taxes.
Finally, 68 O.S. 2702 (1985) contains language similar to that in the other statutes described above. The pertinent language in 68 O.S. 2702
reads:
 "[T]he Oklahoma Tax Commission and the governing body of any incorporated city or town may enter into contractual agreements whereby the municipality would be authorized to furnish qualified auditors to augment the enforcement and collection of the municipal tax in those contracting municipalities. Such agreements shall provide that the municipality and the Oklahoma Tax Commission may exchange necessary information to effectively carry out the terms of such agreements." (Emphasis supplied).
When the language of a legislative enactment is clearly expressed in understandable terms there is no need to resort to arcane rules of statutory construction. Jackson v. Independent School District No. 16 ofPayne County, 648 P.2d 26 (Okla. 1982). Thus, all three of the cited statutes create authority for the OTC to release to municipalities those otherwise confidential records which relate to the collection of state and local taxes.
It is, therefore, the official opinion of the Attorney General that theOklahoma Tax Commission is authorized by 11 O.S. 22-107 (1985), 68 O.S.205.1 (1985), and 68 O.S. 2702 (1985) to exchange, with municipalities,information needed by the municipalities to further the collection orenforcement of state and local taxes.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
NED BASTOW, ASSISTANT ATTORNEY GENERAL